Anita JOHNSON, and Health Research Group, Plaintiffs,

v.

DEPARTMENT OF HEALTH, EDUCATION AND WELFARE, et al., Defendants.

Civ. A. No. 77–2013.

United States District Court, District of Columbia.

Dec. 20, 1978.

David C. Vladeck, Alan B. Morrison, Diane B. Cohn, William B. Schultz, Washington, D. C., for plaintiffs.

Herbert Dym, Robert M. Sussman, Washington, D. C., for defendant, Smith, Kline and French.

Earl J. Silbert, U. S. Atty., Robert N. Ford, Robert M. Werdig, Jr., Asst. U. S. Attys., Washington, D. C., for defendant, HEW.

## ORDER

CHARLES R. RICHEY, District Judge.

This Freedom of Information Act case is now before the Court upon cross-motions for summary judgment. The plaintiffs seek an order requiring the defendants to make public raw animal test data and pharmacologists' reviews relating to the drug cimetidine, which defendant Smith, Kline and French markets under the trade name Tagamet. This information was collected by the federal defendants, the Department of Health, Education and Welfare (HEW) and the Food and Drug Administration (FDA), in connection with Smith, Kline's new drug application to secure marketing approval for cimetidine.

The federal defendants oppose the disclosure of the pharmacologists' reviews on the ground that these are within exemption 5 to the FOIA, which permits the withholding of intra-agency memoranda. The Court will order the *in camera* inspection of these reviews, as provided in 5 U.S.C. § 552(a)(4)(B), to determine whether any portions of these documents are within the exemption.

■ Defendant Smith, Kline opposes the disclosure of the raw animal test data for cimetidine primarily on the ground that such data submitted in support of a new drug application constitute "trade secrets and confidential commercial information," and are therefore protected from disclosure by exemption 4 to the FOIA. The cross-motions for summary judgment on the exemption issue will be denied, because it is the Court's view that the decision in *National Association of Government Employees v. Campbell,* No. 76–1210 (D.C.Cir., May 9, 1978), requires an evidentiary hearing. However, the Court will resolve at this time the question whether the existence of a patent for cimetidine precludes the use of exemption 4 to the FOIA to protect information submitted in support of the new drug application.

Defendant Smith, Kline holds a patent for the drug cimetidine which will expire in 1993. To obtain this patent, Smith, Kline had to make certain showings to the patent office concerning the novelty, usefulness and chemical composition of the drug. This information is now in the public domain. In exchange for its release of this information concerning its discovery, Smith, Kline acquired an exclusive right to make, market and license the drug until the expiration of its patent. In *Kewanee Oil Co. v. Bicron Corp.,* 416 U.S. 470, 94 S.Ct. 1879, 40 L.Ed.2d 315 (1970), the Supreme Court held that a patent excludes other forms of protection from competition. Therefore, Smith, Kline's choice of patent protection constitutes an election not to seek other means to guard against competitive production of the new drug.

It is the plaintiffs' contention that Smith, Kline's patents for cimetidine preclude it from claiming trade secret protection for the raw animal test data which was submitted as safety and effectiveness data in support of Smith, Kline's application for marketing approval for the drug. The plaintiffs argue that the existence of the patent makes it impossible to prove the "likelihood of substantial competitive injury" which is necessary to a claim of exemp-

tion 4 protection from disclosure. *National Parks Association v. Morton,* 162 U.S.App. D.C. 223, 498 F.2d 765 (1974). Plaintiffs contend that no such competitive injury will occur as a matter of law, since patent protection is available for the drug. The Court rejects this contention, because defendants have pointed out at least two instances in which competitive injury due to the release of these studies could occur as a matter of fact. Defendants contend that the availability of the animal test data would make it easier for competitors to market cimetidine when Smith, Kline's patents expire. In addition, defendants argue that competitors could use the data now to enter foreign markets, where Smith, Kline has no adequate patent protection for cimetidine, but where regulators will accept safety and effectiveness studies developed for U.S. new drug applications. Therefore, the patent protection for cimetidine does not necessarily preclude a finding of competitive injury as a matter of fact. Accordingly, the *National Association of Government Employees v. Campbell* decision, *supra,* mandates an evidentiary hearing to determine the likelihood of substantial competitive injury.

In addition, plaintiffs argue that to extend trade secret protection from FOIA disclosure of any information concerning cimetidine would violate the policy of exclusivity of the patent laws, as it has been developed in such cases as *Kewanee Oil Co. v. Bicron Corp., supra,* and *Sears Roebuck v. Stiffel Co.,* 376 U.S. 225, 84 S.Ct. 784, 11 L.Ed.2d 661 (1964). This policy relies upon a theory of *quid pro quo* : Under the patent laws, the inventor is granted a limited monopoly in exchange for his disclosure of essential information concerning the invention. Plaintiffs contend that a grant of trade secret protection of information necessary to secure marketing approval for the patented drug would unfairly extend the period and scope of the patent. This argument rests upon the assumption that the safety and effectiveness data necessary to secure marketing approval for the drug must be part of the exchange upon which the grant of the patent is based. Without access to

this information, plaintiffs argue, potential competitors would be unable to decide whether to enter the market upon expiration of the patent, and would be unable to secure immediate marketing approval for the drug. This, they contend, is inconsistent with the inherent and intended limitations in patent protection. Plaintiffs therefore maintain that no information necessary to secure marketing approval for cimetidine may be protected through trade secret law because a patent has been granted.

 Plaintiffs' argument concerning the intended exclusivity of the patent laws cannot be applied to the information here at issue. The raw animal test data sought was not submitted as part of the patent application. It was developed and submitted to obtain marketing approval for the drug. The disclosures that are required to obtain patent protection are limited to those which would enable one skilled in the art to practice the invention. Plaintiffs now ask this Court to add to those requirements an obligation to disclose information which potential competitors might use to obtain government permission to market the drug once the patent expires. Such information may well be of independent commercial value to potential competitors, but is not within the requirements for patent protection. The Court concludes that the possession of a patent does not as a matter of law preclude the patent holder from claiming the protection of FOIA exemption 4 for safety and effectiveness data which was not part of the patent application but was submitted in support of a new drug application.

It is, therefore, by the Court, this 20th day of December, 1978,

ORDERED, that plaintiffs' motion for summary judgment is denied; and it is

FURTHER ORDERED, that the Court shall defer ruling upon the federal defendants' motion for summary judgment until it has inspected the documents which are the subject of their claim *in camera*; and it is

FURTHER ORDERED, that the pharmacologists' reviews concerning cimetidine are to be submitted to the Court for *in camera* inspection pursuant to 5 U.S.C. § 552(a)(4)(B) for a determination as to whether the federal defendants may properly withhold them from the plaintiffs under FOIA exemption 5; and it is

FURTHER ORDERED, that the motion for summary judgment of defendant Smith, Kline and French is hereby denied, except that the defendant is not necessarily barred from claiming protection under exemption 4 to the FOIA for raw animal test data submitted in support of its new drug application for cimetidine because it holds a patent on the drug.